IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| D.C.<br><br>Plaintiff,<br><br>v.<br><br>JENNIFER HASRATIAN; EL MATADOR, INC.; EL MATADOR RESTAURANTE & CANTINA; EL MATADOR RESTAURANT; and DOES 1 through 50,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION IN LIMINE No. 7**<br><br>Case No. 1:14-cv-00175-JNP-EJF<br><br>District Judge Jill N. Parrish |

Before the court is Defendants' "Motion in Limine No. 7 to Exclude Evidence of Plaintiff's Sexual History." [Docket 116]. Plaintiff testified that he was a virgin the first time that Jenifer Hasratian—a 38-year-old adult—engaged in sexual intercourse with the 16-year-old plaintiff. Defendants request that evidence of Plaintiff's virginity be excluded pursuant to Rule 412 of the Federal Rules of Evidence. This rule

> aims to safeguard the alleged victim [of sexual misconduct] against the invasion of privacy, potential embarrassment and sexual details and the infusion of sexual innuendo into the factfinding process. By affording victims protection in most instances, the rule also encourages victims of sexual misconduct to institute and participate in legal proceedings against alleged offenders.

FED. R. EVID. 412, Advisory Committee Notes, 1994 Amendments. Reading the language of Rule 412 in light of this purpose, the court concludes that Rule 412 cannot be used as a sword by the perpetrator of sexual misconduct to silence the victim of the misconduct.

Rule 412 prohibits the following evidence "in a civil or criminal proceeding involving alleged sexual misconduct: (1) evidence offered to prove that a victim engaged in other sexual

behavior; or (2) evidence offered to prove a victim's sexual predisposition." *Id.* at 412(a). These two categories of evidence may be admitted in a civil case only "if its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." *Id.* at 412(b)(2). The first question that the court must answer is whether, in a civil case, evidence of a victim's virginity fits within either of the two categories of prohibited evidence described in subdivision (a). Second, if the rule does generally prohibit this type of evidence, the court must determine whether the exception found in subdivision (b)(2) applies under the particular facts of this case.

The first category of evidence described in subdivision (a)(1) does not apply to Plaintiff's virginity. The absence of sexual activity is not evidence that the "victim engaged in other sexual behavior." The language of the second category of evidence laid out in subdivision (a)(2), however, is ambiguous as applied to evidence of a victim's virginity. The phrase "victim's sexual predisposition" can be read to mean the victim's predisposition *to engage in* sexual activity. It can also be interpreted to mean the victim's predisposition *regarding* sex. The latter construction is broad enough to include evidence of both a predisposition toward sexual activity and a predisposition not to engage in sexual activity—i.e., virginity.

The Defendants cite a Virgin Islands criminal case to suggest that a victim's virginity should be excluded under Rule 412. *Government of the Virgin Islands v. Jacobs*, 634 F. Supp. 933, 937 (D. V.I. 1986). But other courts that have interpreted similar rules of evidence have held that the virginity of a victim is not specifically prohibited, and thus should be allowed. *See, e.g., Marcum v. State*, 771 S.W.2d 250, 253 (Ark. 1989); *People v. Johnson*, 617 P.2d 1017, 1020 (Colo. App. 1983).

In the absence of any binding authority on this issue, the court looks to the advisory committee notes for Rule 412 to determine whether these notes may be of assistance in resolving the ambiguity in subdivision (a)(2). *See Green v. Bock Laundry Mach. Co.*, 490 U.S. 504, 509 (1989) (when the text of a rule of evidence is ambiguous, courts should "seek guidance from legislative history and from the Rules' overall structure."). These notes clearly state that Rule 412's objectives include "safeguard[ing] the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details" as well as encouraging victims "to institute and to participate in legal proceedings against alleged offenders." FED. R. EVID. 412, Advisory Committee Notes, 1994 Amendments. In particular, the reasons for extending the rule to civil cases are "to protect alleged victims against invasions of privacy, potential embarrassment, and unwarranted sexual stereotyping, and . . . to encourage victims to come forward when they have been sexually molested." *Id.* The advisory committee notes also specifically speak to the purpose of the "sexual predisposition" language found in subdivision (a)(2). The advisory committee remarked that this language was designed to exclude evidence "relating to the alleged victim's mode of dress, speech, or life-style" because "[a]dmission of such evidence would contravene Rule 412's objectives of shielding the alleged victim from potential embarrassment and safeguarding the victim against stereotypical thinking." *Id.* The purpose of subdivision (a)(2) was to exclude evidence that "may have a sexual connotation for the factfinder." *Id.*

Thus the purpose of Rule 412 in general, and subdivision (a)(2) in particular, is clear. The rule is meant to protect the alleged victim from cross-examination on subjects of questionable relevance, including past sexual behavior and sexual predisposition, such as "mode of dress, speech, or life-style." Defendants, however, seek a reading of the phrase "sexual predisposition"

that would run counter to this purpose. They interpret rule 412 as permitting the alleged perpetrator of sexual misconduct to use the rule offensively to silence the alleged victim and prevent him from producing relevant evidence regarding his virginity at the time of the sexual misconduct, which relates to the issue of damages. "But [courts] will not lightly assume that . . . ambiguous language [in a rule of evidence] means anything so inconsistent with the Rule's underlying theory." *Williamson v. United States*, 512 U.S. 594, 600 (1994).

The court, therefore, interprets the phrase "sexual predisposition" in Rule 412 to refer to evidence that may suggest a predisposition toward sexual activity or that "may have a sexual connotation for the factfinder." FED. R. EVID. 412, Advisory Committee Notes, 1994 Amendments. Thus, evidence of Plaintiff's virginity at the time of the sexual misconduct is not prohibited by the rule.

Moreover, even if Rule 412 prohibited evidence of Plaintiff's virginity, the court would find that the exception laid out in subdivision (b)(2) permits the admission of this evidence. Plaintiff's virginity is probative of how the sexual misconduct would have affected his mental state and is relevant to the issue of damages. This probative value substantially outweighs the danger of unfair prejudice to Defendants.

Accordingly, Defendants' motion in limine is DENIED.

Signed January 26, 2018.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge
